UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONYA MASIS-BARRETT, | Case No.: 3:25-cv-3178-CAB-MSB |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO DISMISS** |
| PHH MORTGAGE CORPORATION, OCWEN FINANCIAL CORPORATION, and DOES 1-50, Inclusive, | [Doc. No. 4] |
| Defendants. | |

Before the Court is a motion to dismiss Plaintiff's complaint filed by Defendants PHH Mortgage Corporation, LLC ("PHH") and Onity Group, Inc.[1] (collectively, "Defendants"). [Doc. No. 4.]  The Court finds the motion suitable for submission on the papers and without oral argument in accordance with CivLR 7.1(d)(1).  The Court **GRANTS** Defendants' motion to dismiss as detailed below.

**I.    BACKGROUND**

On October 13, 2025, Plaintiff Tonya Masis-Barrett ("Plaintiff" or "Masis-Barrett") filed a complaint in the Superior Court of California, San Diego County alleging claims of breach of contract, fraud and document forgery, and negligence claims against Defendants

---

[1] According to Defendants, the original state court complaint "erroneously" sued Ocwen Financial Corporation instead of Onity Group, Inc.  [Doc. No. 1 at 1.]

1

related to a mortgage on her property located in Solana Beach.  [Doc. No. 1-4 ("Compl." or "Complaint").]  Defendant PHH is the loan servicer for the mortgage and Defendant Onity Group, Inc. is the parent company of PHH.  [Doc. No. 4-1 at 3.]  Defendants removed the action to this Court on the basis of diversity jurisdiction.  [Doc. No. 1 ("NOR") at ¶ 8.]

Plaintiff's complaint stems from a mortgage she obtained from Defendants for a property in Solana Beach, California.  [Compl. at ¶ 8.]  Following a job loss, Plaintiff defaulted on the loan in July 2024 and subsequently obtained a forbearance and started a loan modification trial plan in November 2024.  [*Id.* at ¶ 9; *see also* Doc. No. 4-1 at 3.]  Plaintiff alleges she made timely trial payments and Defendants offered her a final loan modification agreement.  [Compl. at ¶¶ 10–11.]  After Plaintiff questioned a charge in the loan modification agreement, Defendants extended the deadline for her to return the completed document.  [*Id.* at ¶ 12.]  Plaintiff alleges she notarized and mailed the signed loan modification document on March 14, 2025, with confirmed delivery on March 19, 2025.  [*Id.* at ¶ 13.]  Defendants denied the loan modification on April 9, 2025 because they claimed it was received late and contained a notary error.  [Compl. ¶ 14.]  Plaintiff alleges that Defendant PHH "forged and altered the notarized modification documents, including removing the notary's handwritten ID notation and changing Plaintiff's handwritten date" to justify the denial.  [*Id.* at ¶ 14.]  Defendants then moved forward with the process to foreclose on and sell Plaintiff's property.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008).  But a "pleading that offers 'labels and conclusions' or 'a formulaic

recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Generally, leave to amend a pleading "shall be freely given when justice so requires. Fed. R. Civ. P. 15 (a)(2). *See, e.g., Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy 'is to be applied with extreme liberality.'") Dismissal without leave to amend is only appropriate when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).

## III.   JURISDICTION

While the instant motion was pending, the Court issued an order to show cause regarding jurisdiction because Defendants' motion referred to PHH as both an LLC and a corporation. [Doc. No. 15.] Defendants responded that they "mistakenly referred to PHH Mortgage Corporation as an 'LLC' in the pending Motion to Dismiss papers" and requested that the Court recognize PHH as PHH Mortgage Corporation, as it is listed in the caption and discussed in the removal papers. [Doc. No. 16 at 1–2.] Based on Defendants' response, the Court is satisfied of its subject matter jurisdiction under diversity jurisdiction. 28 U.S.C. § 1332.

## IV.   DISCUSSION

Plaintiff brings causes of action for fraud and document forgery, negligence, wrongful foreclosure, unfair business practices, and injunctive and declaratory relief. [Compl. at 5–6.] Defendants move to dismiss all of Plaintiff's causes of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The Court analyzes each cause of action in turn but notes generally that Plaintiff's complaint is largely threadbare, with most causes of action supported by only one or two conclusory sentences.

///

### A.   Claim for Fraud and Document Forgery

The heart of Plaintiff's complaint appears to be Plaintiff's allegations that PHH "knowingly altered notarized documents and presented falsified copies to justify denial" of her loan modification and that "[s]uch conduct constitutes fraud and forgery under California Penal Codes §§ 115 and 470." [Compl. at ¶¶ 23–24.] Defendants move to dismiss these claims because criminal statutes are not enforceable by private actors. [Doc. No. 4-1 at 6.] Plaintiff counters that her allegations of fraud and document forgery represent "civil misconduct" and that they "may not be dismissed merely because criminal statutes are referenced in the background allegations." [Doc. No. 12 at 4–5.]

The Court does not view Plaintiff's claims as mere "background allegations." To the contrary, Plaintiff's cited California criminal statutes are the only asserted statutory basis for her fraud and document forgery claim, even though there are civil causes of action under California law for fraud. *E.g.* Cal. Civ. Code §§ 1709–10. The Court therefore **GRANTS** the motion to dismiss these claims with leave to amend.

### B.   Claim for Negligence

Plaintiff alleges that "PHH owed Plaintiff a duty to process modification documents accurately and in good faith" and that PHH breached this duty through "reckless handling and document tampering[.]" [Compl. ¶¶ 25–26.] Defendants move to dismiss this claim because Plaintiff does not and cannot plead a duty of care owed by Defendants, which is a required element for a California negligence claim. [Doc. No. 4-1 at 6 (citing *Nymark v. Heart Fed. Sav. & Loan Assn.*, 231 Cal. App. 3d 1089, 1096 (1991)).] Plaintiff makes no arguments in response.

While normally the Court freely gives pro se litigants leave to amend, the California Supreme Court has held that "when a borrower requests a loan modification, a lender owes no tort duty sounding in general negligence principles to process, review and respond carefully and completely to the borrower's application." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 948 (2022) (internal quotation marks omitted). Amendment on this claim would therefore be futile. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) ("Futility

alone can justify the denial of a motion for leave to amend."). The Court **DISMISSES** Plaintiff's negligence claim without leave to amend.

### C. Claim for Wrongful Foreclosure

Plaintiff alleges that Defendants violated the statutory framework governing nonjudicial foreclosures under Cal. Civ. Code. § 2924 *et. seq.* by failing to comply with notice and modification statutes, denying review, and proceeding toward foreclosure despite Plaintiff's compliance. [Compl. ¶ 27.] Defendants counter that Plaintiff has failed to state a claim under § 2924 because Defendants complied with the statutory requirements. [Doc. No. 4-1 at 8–9.]

The only factual allegation the Court can discern in relation to the § 2924 claim is that PHH "issued a Notice of Default and Election to Sell despite Plaintiff's full compliance." [Compl. at ¶ 15.] This allegation confirms that Defendants complied with the notice requirement of § 2924(a)(1). The Complaint contains no other factual allegations relevant to the requirements of § 2924. The Court **GRANTS** the motion to dismiss the claim for wrongful foreclosure with leave to amend.

### D. Claim for Unfair Business Practices

Plaintiff brings claims for unfair business practices under California's Business and Professions Code § 17200 based on Defendants' alleged unfair business practice of "document tampering, deceptive communication, and dual tracking." [Compl. at ¶ 28.] Defendants argue that Plaintiff does not have standing to bring a UCL claim and that even if she did, since a UCL claim derives from her other failed claims, the UCL claim must likewise fail. [Doc. No. 4-1 at 10–11.]

The Court agrees that Plaintiff lacks standing to bring a UCL claim. To have standing, a private plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by the unfair business practice or false advertising that is the gravamen of the claim." *Lueras v. BAC Home Loans Serv.*, LP, 221 Cal. App. 4th 49, 81 (2013) (citing *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 322 (2011)).

Plaintiff's allegation of the loss of her home via foreclosure satisfies the first prong. *Lueras*, 221 Cal. App. 4th at 82. The second causation prong is not satisfied, however, if the plaintiff would have suffered the same harm regardless of whether defendant complied with the law. *Daro v. Superior Ct.*, 151 Cal. App. 4th 1079, 1099 (2007). Here, Plaintiff cannot show that the foreclosure of her property was caused by Defendants' alleged document tampering or deceptive communications because Plaintiff has cited no California or other law obliging Defendants to provide a loan modification at all. *See Mueller v. Bank of Am., N.A.*, No. 12-CV-0074-WQH–BLM, 2012 WL 3134243, at *3 (S.D. Cal. Aug. 1, 2012) (dismissing claims alleging a lender "mishandled and misinformed [plaintiff] about loan modification opportunities"); *Gonzalez v. Wells Fargo Bank, N.A.*, No. 12-CV-5977-ABC-JEMx, 2012 WL 12893376, at *3 (C.D. Cal. Dec. 5, 2012) ("Under California law, a lender has no duty to offer a loan modification."); *Bertelsen v. CitiMortgage, Inc.*, No. 16-CV-2-BU-JCL, 2017 WL 1368289, at *5 (D. Mont. Apr. 7, 2017), *aff'd*, 743 F. App'x 128 (9th Cir. 2018) ("[I]t is beyond dispute that a borrower has no right to modify or renegotiate a defaulted loan, and a lender has no obligation to provide a modification or loan assistance."). Plaintiff thus has not plausibly alleged facts that establish the causation element.

The Court also finds that Plaintiff fails to state a § 17200 claim because she has not specified which of the three varieties of unfair competition she alleges, or the facts that support allegation. *Cel-Tech Comm'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (explaining that § 17200 establishes three varieties of unfair competition - acts or practices which are (1) unlawful, (2) unfair, or (3) fraudulent). Accordingly, the Court **DISMISSES** Plaintiff's § 17200 claim with leave to amend.

### E.    Claim for Breach of Contract

Plaintiff alleges that "PHH breached the modification agreement by denying it after acceptance, despite Plaintiff's performance under trial terms and timely signed return." [Compl. at ¶ 22.] Defendants argue that no valid contract ever existed and so no breach occurred. [Doc. No. 4-1 at 5–6.] The Court agrees with Defendants.

6

In California, the elements for breach of contact are: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach. *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008). Plaintiff expressly pleaded that "PHH denied the modification[.]" [Compl. at ¶ 14.] Moreover, the modification agreement contains a precondition to modification that "[t]he Loan Documents will not be modified by this Agreement unless and until both (i) the Lender has accepted this agreement as solely evidenced by Lender's signature on this Agreement or on a copy of this Agreement containing Lender's signature[.]" [Doc. No. 1-5 at 58.] Plaintiff has not produced any evidence of a modification agreement signed by PHH. And though Plaintiff contends that under California law, a trial period plan and subsequent conduct may give rise to enforceable contractual obligations, or at least a covenant of good faith and fair dealing, she does not actually cite any such law.[2] [Doc. No. 12 at 4.]

Plaintiff's claim for breach of contract is therefore **DISMISSED** without leave to amend.

### F. Claim for Declaratory Relief

Finally, Plaintiff "seeks a declaration that the March 14, 2025 modification agreement is valid and enforceable, and that PHH must honor these terms." [Compl. at ¶ 21.] "[A] claim for declaratory relief is duplicative and unnecessary when it is commensurate with the relief sought through other causes of action." *Khankin v. JLR San Jose, LLC*, 720 F. Supp. 3d 816, 827 (N.D. Cal. 2024). Because Plaintiff's claim for declaratory relief is the same relief requested through her breach of contract claim, it too is **DISMISSED** without leave to amend. However, this ruling does not preclude Plaintiff

---

[2] The Court additionally notes that though "[e]very contract imposes on each party a duty of good faith and fair dealing in each performance and in its enforcement," "if the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393–95 (Cal. Ct. App. 1990).

3:25-cv-3178-CAB-MSB

from amending her Complaint to plead declaratory relief as a remedy for other viable claims.

### G.    Claim for Injunctive Relief

Plaintiff requests a stay of foreclosure proceedings under California Code of Civil Procedure §§ 526–27 because she says she faces imminent foreclosure and irreparable harm without judicial intervention. [Compl. at ¶ 19.] Defendants counter that she has not shown a likelihood of success on her claims. [Doc. No. 4-1 at 4.] The Court agrees with Defendants. Given the Court's dismissal of her underlying claims for failure to state a claim, Plaintiff's Complaint lacks necessary facts to show clearly the need for injunctive relief. The Court **DISMISSES** Plaintiff's claim for injunctive relief with leave to amend.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss [Doc. No. 4] as follows:

1. The injunctive relief claim is **DISMISSED WITH LEAVE TO AMEND**;

2. The declaratory relief claim is **DISMISSED WITHOUT LEAVE TO AMEND** to the extent it seeks relief related to Plaintiff's breach of contract claim;

3. The breach of contract claim is **DISMISSED WITHOUT LEAVE TO AMEND**;

4. The fraud and document forgery claim is **DISMISSED WITH LEAVE TO AMEND**;

5. The negligence claim is **DISMISSED WITH LEAVE TO AMEND**;

6. The wrongful foreclosure claim is **DISMISSED WITH LEAVE TO AMEND**; and

7. The unfair business practices claim is **DISMISSED WITH LEAVE TO AMEND**

///

///

3:25-cv-3178-CAB-MSB

If Plaintiff chooses to file a first amended complaint, she must do so **no later than April 6, 2026.** Plaintiff must identify all claims she asserts against Defendants and clearly set forth the necessary factual allegations to support the elements of each claim against each Defendant. The amended complaint must be complete in itself without reference to the original complaint. Any claim not re-alleged will be considered waived. *See* CivLR 15.1(a).

It is **SO ORDERED**.

Dated: March 6, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:25-cv-3178-CAB-MSB